IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN DEMETRIUS HILL,))Plaintiff,))v.))Case No. CIV-23-884-SLPSTEPHENS COUNTY SHERIFF, et al.,))Defendants.)) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 4] issued by United States Magistrate Judge Shon T. Erwin upon referral of this matter, *see* 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends that the Court dismiss this action "[b]ecause the Complaint is based on claims which are frivolous or fail to state a claim." [Doc. No. 4] at 1. Judge Erwin advised Plaintiff of his right to file an objection to the R. & R. and cautioned that failure to object would waive his right to appellate review of the factual and legal issues addressed in the R&R. *See id.* at 4.

Plaintiff was previously jailed for violating a protective order.[1] The Complaint alleges that Plaintiff's "wife is the perpetrator of lies," that the protective order was "fraudulently granted," and that the local police, judge, and district attorney's office were "well aware" of Plaintiff's innocence. [Doc. No. 1] at 1. Plaintiff characterizes the action as one seeking "tort" damages based on "corrupt profiling," although he also asks "to talk

---

[1] The Court takes judicial notice of the proceedings in the District Court of Stephens County, State of Oklahoma, *State v. Hill*, Case No. CM-2023-308, available at www.oscn.net.

to the U.S. Marshalls [sic] or some superior investigator." *Id.* at 1–2.  Finally, Plaintiff claims he "need[s] to be immediately compensated" because he has "been falsely arrested and imprisoned [] on at least 3 separate occasions." *Id.* at 4.  Plaintiff also attaches several documents to the Complaint, including (1) an "Affidavit of Beneficial Ownership" claiming he is "the registered owner of JUAN DEMETRIUS HILL"[2] and that he is "the holder in due course securing 100% of the beneficial interest in the property to which this affidavit relates," [Doc. No. 1-1] at 1; (2)  a copy of the state-court information related to the violation of the protective order, *id.* at 3–4, (3) a "Notice Concerning Fiduciary Relationship of Financial Institution," purportedly completed on behalf of "JUAN HILL – Foreign Grantor Trust," *id.* at 5–6, and (4) a "UCC Financing Statement" related to "Juan Hill – INCOLA personal 'Civilly Dead' Labor Wagering Organization," *id.* at 7–10.

After Judge Erwin recommended the Court dismiss the Complaint, Plaintiff filed several documents—only one of which addresses the R. & R.   In his first letter, Plaintiff offers his "sincerest apologies for [his] previous rambling dissertation," and claims he is "going to stick solely to the facts of [his] Beneficial interest and beneficiary signatures," and his "lawful authority to stop all usury of the name JUAN DEMETRIUS HILL . . . per [his] lawful financing statement."  [Doc. No. 5] at 1.  Although this letter references "fraudulent arrest records," Plaintiff appears to have abandoned his Complaint to instead seek "a complete and accurate account rendering," and "up to $47 billion" as "restoration of all withheld labor credits." *Id.* at 1–2.  This letter also includes a copy of the Complaint,

---

[2] The Court maintains all original capitalization when quoting Plaintiff's filings.

which Plaintiff has almost entirely crossed out.  *See* [Doc. No. 5-1] at 1–5.  Plaintiff then submitted two more letters that appear to involve the "creditor" claim referenced in his first letter.  *See* [Docs. No. 6–7].  Finally, Plaintiff filed a thirteen-page "Affidavit of Specific Negative Averment" that claims "no party nor person may proceed in any manner against JUAN DEMETRIUS HILL" based on his "bankrupt and civilly dead status." [Doc. No. 8] at 7.

None of these letters are objections to the R. & R. or otherwise relate to Judge Erwin's recommendation to dismiss the action as frivolous.  Indeed, Plaintiff's first letter—apologizing for the "rambling dissertation" in the Complaint—appears to align with Judge Erwin's recommendation.  [Doc. No. 5] at 1.  Nevertheless, Plaintiff apparently attempts to pivot into an entirely different claim—not one involving his wife, the protective order, or the actions of the police.[3]  Thus, the Court concludes Plaintiff has not objected to the R. & R., nor has he sought an extension of time in which to object.  Therefore, Plaintiff has

---

[3] Even if the Court construed Plaintiff's filings as a request to amend the Complaint, the allegations in the letters and affidavit appear to be wholly without merit.  *Cf. Fitts v. Newberry*, No. 4:23-CV-225-TCK-JFJ, 2023 WL 4919666, at *2 (N.D. Okla. Aug. 1, 2023) ("[C]ommon trademarks of sovereign citizens (or adherents of similar pseudolegal movements) include placing stamps or markings next to signatures; claiming to be a 'settlor' or 'executor' of the person sui juris; filing voluminous and nonsensical documents; asserting claims against government officials based on alleged violations of the Uniform Commercial Code; and referencing obsolete or inapposite legal dictionaries, caselaw, or statutes. . . . [C]ourts have roundly considered similar sovereign citizen legal theories to be 'utterly frivolous.'" (quotation omitted)).  Many of these same hallmarks are present in Plaintiff's filings.  *See, e.g.*, [Doc. No. 6] at 2 (claiming to have "Non U.C.C. Self Registered Admiralty Maritime Lien"); [Doc. No. 7-1] at 1 (citing several UCC provisions in purported notice of removal); [Doc. No. 8] at 13 (affixing stamp and thumbprint to signature).  Thus, the Court would deny as futile any attempt to add these allegations to the Complaint.

waived further review of all issues addressed in the R&R.[4]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Accordingly, the R&R is ADOPTED in its entirety, and this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 15th day of May, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] In any event, Plaintiff's filings are entirely nonresponsive to Judge Erwin's conclusion that his "arguments 'lack[] an arguable basis either in law or in fact.'" [Doc. No. 4] at 3 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiff's documents contain no specific objections to the R. & R., and three were mailed after the deadline to object.  Therefore, even if the Court construed the filings as objections to the R. & R., they would not entitle Plaintiff to de novo review of any factual or legal issues.